IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PATRICIA LINDBERG, et al.,

        Plaintiffs,

v.    CIVIL ACTION NO.   2:12-cv-01637

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

Pending before the court is the Motion for Summary Judgment [ECF No. 39] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, Ethicon's Motion is **GRANTED in part** and **DENIED in part**.

I.    Background

This action involves Illinois co-plaintiffs, one of whom was implanted with a mesh product manufactured by Ethicon, Tension-free Vaginal Tape-Secur ("TVT-S"), on May 19, 2010, at Methodist Medical Center, Peoria, Illinois, by Dr. W. Marc Boyd, Jr. Am. Short Form Compl. [ECF No. 12] ¶¶ 1–12. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 206, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Nov. 20, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiffs' case was selected as an "Ethicon Wave 2 case."

## II.   Legal Standards

### A.   Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

The parties agree that Illinois choice-of-law principles apply to this case and that these principles compel the application of Illinois law to the plaintiffs' substantive claims. Ethicon asserts that New Jersey law applies to the issue of punitive damages; the plaintiffs dispute this assertion.

To determine the applicable state law for a dispositive motion, I generally refer to the choice-of-law rules of the jurisdiction where a plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996). If a

plaintiff files her claim directly into the MDL in the Southern District of West Virginia, however, I consult the choice-of-law rules of the state in which the plaintiff was implanted with the product. *See Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014). Here, the plaintiffs filed their initial complaint directly into the MDL in the Southern District of West Virginia. Compl. [ECF No. 1]. The implantation surgery occurred in Illinois. Thus, the choice-of-law principles of Illinois guide this court's choice-of-law analysis.

Illinois is the plaintiffs' state of residence, where the TVT implant surgery took place, and where their claimed injuries occurred. For the reasons discussed in *Huskey v. Ethicon, Inc.*, I agree with the parties that Illinois law applies to the plaintiffs' substantive claims. *See Huskey v. Ethicon, Inc.*, 29 F. Supp. 3d 736, 740–41 (S.D.W. Va. 2014) (Illinois uses the "most-significant-relationship" test and permits dépeçage—a separate choice-of-law analysis for each individual issue). In *Huskey*, I also found that New Jersey law—rather than Illinois law—applied to the *Huskey* plaintiffs' punitive damages claim. *Id.* Here, I need not decide what law applies to punitive damages at this time because Ethicon does not directly challenge punitive damages.

III.   Analysis

Ethicon argues it is entitled to summary judgment because the plaintiffs' claims are without evidentiary or legal support.

### A. Conceded Claims

The plaintiffs concede the following claims: Count VI (Common Law Fraud), Count VII (Fraudulent Concealment), Count VIII (Constructive Fraud), Count IX (Negligent Misrepresentation), Count XI (Breach of Express Warranty), Count XII (Breach of Implied Warranty), Count XIII (Violation of Consumer Protection Laws), and Count XV (Unjust Enrichment). Accordingly, Ethicon's Motion regarding those claims is **GRANTED**.

### B. Manufacturing Defect

Under Illinois strict product liability law, a plaintiff must prove that her injury "resulted from a condition of the product, that the condition was unreasonably dangerous, and that it existed at the time the product left the manufacturer's control." *Mikolajczyk v. Ford Motor Co.*, 901 N.E.2d 329, 335 (Ill. 2008), *opinion modified on denial of reh'g* (Dec. 18, 2008). "A manufacturing defect occurs when one unit in a product line is defective, whereas a design defect occurs when the specific unit conforms to the intended design but the intended design itself renders the product unreasonably dangerous." *Salerno v. Innovative Surveillance Tech., Inc.*, 932 N.E.2d 101, 108 (Ill. App. Ct. 2010) (citing *Blue v. Envtl. Eng'g, Inc.*, 828 N.E.2d 1128, 1137 (Ill. 2005)).

Here, the plaintiffs present no evidence that the specific TVT-S unit at issue deviated from the product's design specifications at the time it left Ethicon's control. Accordingly, Ethicon's Motion on this point is **GRANTED**.

5

### C. Strict Liability – Defective Product

Ethicon moves for summary judgment on all of the plaintiffs' strict liability claims. I address Ethicon's motion as to Count II (Strict Liability – Manufacturing Defect) above in Section B. I address Ethicon's motion as to Count III (Strict Liability – Failure to Warn) and Count V (Strict Liability – Design Defect) below in Section D. Here, I address only Ethicon's motion as to Count IV (Strict Liability – Defective Product).

Illinois recognizes three types of strict products liability: (1) manufacturing defect, (2) design defect, and (3) failure to warn. *See Mikolajczyk*, 901 N.E.2d at 335, 339; *Salerno* 932 N.E.2d at 108. Ethicon appears to interpret the plaintiffs' Count IV to allege something beyond one of the three categories named above. The plaintiffs do not address this point. To the extent that the plaintiffs attempt to allege a strict liability claim *beyond* (1) manufacturing defect, (2) design defect, or (3) failure to warn, Ethicon's Motion as to Count IV (Strict Liability – Defective Product) is **GRANTED**.

### D. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiffs' remaining claims challenged by Ethicon. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

### IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for

Summary Judgment [ECF No. 39] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: Count II (Strict Liability – Manufacturing Defect), Count IV (Strict Liability – Defective Product), Count VI (Common Law Fraud), Count VII (Fraudulent Concealment), Count VIII (Constructive Fraud), Count IX (Negligent Misrepresentation), Count XI (Breach of Express Warranty), Count XII (Breach of Implied Warranty), Count XIII (Violation of Consumer Protection Laws), and Count XV (Unjust Enrichment). Ethicon's Motion is **DENIED** in all other respects.

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    March 9, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE